IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL CONQUEST, )
               Plaintiff, )
-vs- ) Civil Action No. 17-158
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
               Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he had been disabled since July 1, 2009. (ECF No. 8-8, pp. 9, 11). On October 15, 2015, Administrative Law Judge ("ALJ"), Suzanne Krolikowski, held a hearing. (ECF No. 8-3). On April 21, 2016, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 15-27).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 13). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

  **B.** **Step 3 - Listing 12.05(C)**

Plaintiff argues that the ALJ erred in failing to find that Plaintiff meets the requirements of Listing 12.05(C). (ECF No. 10, pp. 18-19). In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05(C) (intellectual disability). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual function

> with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). Thus, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, <u>and</u> 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C. To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff asserts that his lowest valid IQ score is 66 and the ALJ improperly rejected the same. (ECF No. 11, pp. 9-12). "An ALJ may reject IQ scores that are inconsistent with the record as long as the basis for doing so is adequately explained. *Yurek v. Colvin,* 2014 WL 4078592, at *9 (M.D.Pa. Aug.18, 2014) (citing *Schmidt v. Commissioner of Social Security,* 2013 WL 1386881 at *1 (W.D.Pa. April 4, 2013). *See also Markle v. Barnhart,* 324 F.3d 182, 187 (3d Cir.2003) (it is not required to accept a claimant's IQ scores and [an ALJ] may reject scores that are inconsistent with the record)." *Jones v. Colvin*, No. 1:14-CV-00282, 2015 WL 3646313, at *6 (W.D. Pa. June 10, 2015). According to the Program Operations Manual System (POMS), "IQ scores tend to stabilize by the age of 16. Regardless of the claimant's age at adjudication,

reliable IQ testing obtained at age 16 or older is valid to support the IQ findings required under listing 12.05" POMSDI 24515.020(c)(5)(a).

As noted by the ALJ in this case, there are two competing valid full scale IQs of 77 and 66 since the time Plaintiff attained the age of 16. (ECF No. 9-2, p. 19). As a result, the ALJ was required to weigh this evidence in light of all of the other evidence of record in this case. The ALJ did just that explaining in detail her basis for the same.

> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance and, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The claimant's high school transcripts include a prior 1981 psychological evaluation and testing on the Wechsler Intelligence Scale for Children – revised (WISC-rev) on which he obtained a FSIQ of 79 (Ex. 11F/2). In 1984, at age 17, the claimant was administered the Wechsler-Adult Intelligence Scale-revised (WAIS-rev) and obtained a full scale IQ of 77, generally consistent with the earlier testing (Ex. 11F/3). He had earlier WISC testing in 1979 and obtained a FSIQ of 89 (Ex. 11F/19). The undersigned finds the recent consultative examiner's testing results at Exhibit 14F, including a full scale IQ of 66, are not consistent with the earlier IQ testing scores, the claimant's semi-skilled work history, his reported activities of daily living, and his abilities and testimony at the hearing. During the interview, the examiner found observed (sic) that the claimant was cooperative and his manner of relating and social skills were found to be adequate (Ex. 14F). Similarly, at the hearing, the claimant was friendly, articulate and able to provide an extensive medical, family, and educational background beginning in childhood. He expressed extremely good insight into his medical conditions and history. His hearing testimony and other evidence of record does not support the testing results indicating a full scale IQ of 66, in the deficient category of mildly impaired intellectual disability, and therefore the undersigned does not find the WAIS-IV testing results at Exhibit 14F a valid indication of the claimant's abilities.

(ECF No. 8-2, p. 19). In other words, the ALJ rejected the full scale IQ of 66 as inconsistent with other full scale IQ scores, Plaintiff's work history, his activities of daily living and his abilities and testimony at the hearing. *Id.* Based on a review of the record, I find there is substantial evidence to support the ALJ's findings in this regard. (ECF No. 8-2, pp. 15-27). Consequently, remand on this basis is not warranted.[2]

---

[2] Plaintiff also suggests that the ALJ erred in failing to assess whether Plaintiff had deficits in adaptive functions manifesting before the age of 22. (ECF No. 11, pp. 12-14). As I stated previously, to be found

5

An appropriate order shall follow.

---

presumptively disabled, a plaintiff must meet all of the criteria of a Listing.  20 CFR §§404.1525(c)(3), 416.925(c)(3).  An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a *per se* disability determination.   *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).   Since the ALJ found that Plaintiff failed to meet one of the criteria of 12.05(C), I find the ALJ did not err in failing to discuss whether Plaintiff had deficits in adaptive functioning manifesting before the age of 22.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL CONQUEST,)
)
        Plaintiff,)
)
  -vs-  )    Civil Action No. 17-158
)
NANCY A. BERRYHILL,[3])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 13) is granted.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.